**QUILL & ARROW, LLP**
Kevin Y. Jacobson, Esq. (SBN 320532)
kjacobson@quillarrowlaw.com
Gregory Sogoyan, Esq. (SBN 316832)
GSogoyan@quillarrowlaw.com
e-service@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:  (310) 933-4271
Facsimile:   (310) 889-0645

Attorneys for Plaintiff,
**DAVID BARTOS**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARTOS, an individual,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

COMPLAINT

Plaintiff, DAVID BARTOS ("Plaintiff"), an individual, alleges as follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MERCEDES-BENZ USA, LLC") on information and belief, formed after a reasonable inquiry under the circumstances:

## INTRODUCTION

1. These causes of action arise out of the warranty obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle purchased by Plaintiff and for which MERCEDES-BENZ USA, LLC issued a written warranty.

2. On May 19, 2022, Plaintiff purchased a 2022 Mercedes-Benz EQS450V, having VIN No. W1KCG2DB8NA014820 ("the Subject Vehicle"). Pursuant to Section 1793.22, subdivision (e)(2), of the California Civil Code, the Subject Vehicle was a new vehicle that had never been sold to a private consumer prior to Plaintiff's purchase, and therefore constitutes a "new motor vehicle" under the Song-Beverly Consumer Warranty Act (herein after "the Act").

3. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiff purchased and for which MERCEDES-BENZ USA, LLC issued a full and enforceable written warranty. The warranty was not issued by the selling dealership.

4. MERCEDES-BENZ USA, LLC warranted the Subject Vehicle and agreed to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance. In connection with the purchase, Plaintiff received various warranties, inter alia, a 4-years/50,000 miles express bumper to bumper warranty and a 4-years/50,000 miles of limited powertrain warranty which, inter alia, covers the engine and the transmission, as well as various emissions warranties that exceed the time and mileage limitations of the bumper to bumper and powertrain warranties.

5. The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

-1-
**COMPLAINT**

nonconformities to warranty including, but not limited to, suspension, electrical, structural, transmission, engine, and steering system defects.

6. Plaintiff hereby revokes acceptance of the Sale Contract.

7. Pursuant to the Act, Civil Code sections 1790 *et seq*., the Subject Vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

8. Plaintiff is a "buyer" of consumer goods under the Act.

9. Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

10. Plaintiff hereby demands trial by jury in this action.

**PLAINTIFF'S REPAIR HISTORY OF THE SUBJECT VEHICLE**

11. The following is a summary of some pertinent portions of the repair visits for the Subject Vehicle.

12. On June 7, 2022, with approximately 2,059 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Fletcher Jones Motorcars, and reported a slight creak or a rattle to be present upon driving over moderately bumpy roads. In addition, Plaintiff also reported of a delay or hesitation upon engaging the acceleration after a stop or a deceleration. In response to Plaintiff's concerns, Defendant's authorized technician allegedly performed a test drive of the Subject Vehicle, and then claimed that they were unable to duplicate Plaintiff's concern. Furthermore, Plaintiff also reported that the Subject Vehicle would intermittently start to shift or glide to the left involuntarily. Upon a further inspection of the Subject Vehicle, Defendant's technician claimed that no alignment nor vehicle wandering issues were detected. Therefore, Defendant's technician did not perform any repairs pertaining to the Subject Vehicle and subsequently represented to Plaintiff that the Subject Vehicle was operating as intended. Despite the determination from Defendant's technician, Plaintiff's concerns have continued to plague the Subject Vehicle. The inspections were performed under the warranty

issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt.

13. On July 5, 2022, with approximately 4,423 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Fletcher Jones Motorcars, and reported of a slight creak or rattle to be present on the Driver's door handle area, in addition to an intermittent creaking noise emitting from the right front-door panel, upon driving over uneven roads. In response to Plaintiff's concerns, Defendant's authorized technician performed a test drive and subsequently claimed that they were unable to reproduce Plaintiff's complaints. Due to the alleged determination from Defendant's technician, no repairs were performed after the inspections. Plaintiff's concerns have continued to plague them for the remainder of their ownership. The inspections were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately nine (9) days during this repair attempt.

14. On August 18, 2022, with approximately 9,198 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Fletcher Jones Motorcars, and reported the Subject Vehicle to intermittently exhibit temporary pulling issues, in addition to the Subject Vehicle jerking forward and requiring Plaintiff to apply more effort in engaging the brakes. Upon a road test, Defendant's authorized technician claimed that they were unable to duplicate Plaintiff's concern, and thus, did not perform any repairs pertaining to the steering unit or transmission assembly. Plaintiff also mentioned malfunctions pertaining to the PARKTRONIC® sensor, stating that the sensor would intermittently activate despite there being no obstructions in its vicinity. To address Plaintiff's concerns, Defendant's technician inspected the Subject Vehicle to troubleshoot the cause of the issue. After performing a quick test, Defendant's technician deemed it necessary to program and code the control unit. The operations had supposedly resolved Plaintiff's issue pertaining to the PARKTRONIC® sensor. Furthermore, Plaintiff

also complained of multiple error messages that had populated on the infotainment system such as, "the active brake assist function currently limited", "DISTRONIC PLUS® inoperative", and "adaptive high beam assists inoperative". In response, Defendant's technician performed a radar control unit update, and then represented to Plaintiff that the Subject Vehicle was now operating to warranty. Despite the alleged determination that all features were functioning as intended, Plaintiff's concerns have continued to plague the Subject Vehicle. The inspection and repairs were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt.

15. On September 20, 2022, with approximately 11,783 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Foothill Ranch, and reported the Subject Vehicle to exhibit temporary pulling issues, causing the steering direction to dramatically alter and pave either to the left or right side of the road. In addition, Plaintiff also complained of the braking system intermittently failing for a full second, and would subsequently launch forward, requiring Plaintiff to apply more braking power in order to stop the Subject Vehicle. Plaintiff further noted that this issue was present since the first day of its purchase. Upon an extended road test and inspection of the Subject Vehicle, Defendant's authorized technician claimed all operations to be performing as intended. Defendant's technician acknowledged the pulling from the road crown, however, claimed that the pulling was normal. Moreover, Plaintiff also complained of several system defects such as, the parking sensors to intermittently detect obstructions in the road, despite there being no other vehicles in its vicinity; the Subject Vehicle constantly displaying issues relating to high beam assist, parking assist, brake assist, and the occasional tire pressure indicator, being malfunctional; the door handle being inoperative; and an abnormal rattle/squeak noise persisting on the driver's side corner air vent dashboard area. Despite the multiple concerns

communicated to Defendant's authorized repair facility, Defendant's technician claimed that no issues were detected and that the Subject Vehicle was operating to warranty. Despite the alleged determination that all features were operating as intended, Plaintiff's concerns have continued to plague the Subject Vehicle. The inspection and repairs were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately three (3) days during this repair attempt.

16. On October 13, 2022, with approximately 13,148 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Foothill Ranch, and reported the Subject Vehicle to exhibit temporary pulling issues for the *fourth time.* In addition, Plaintiff also reported of the braking system failing for a full second during regen braking upon driving over bumps or rough surfaces at above 30 Miles Per Hour ("MPH"), proximity sensors falsely illuminating for the third time, the high beam assist, parking assist, brake assist and tire pressure warnings intermittently illuminating for the third time, the hands-free feature of the door handle occasionally closing on Plaintiff's hand, and an abnormal rattle noise originating from the Driver's side dashboard vent. Upon an extended road test to verify Plaintiff's concern, Defendant's authorized technician claimed that no system defect issues were detected and that the Subject Vehicle was operating to warranty. The lack of attention to Plaintiff's communicated concerns have manifested greater issues, affecting the performance and drivability of the Subject Vehicle. Due to the alleged determination from Defendant's technician, no repairs were performed after the inspections. Plaintiff's concerns have continued to plague them for the remainder of their ownership. The inspections were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt.

17. On November 25, 2022, with approximately 15,561 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair

facility, Fletcher Jones Motorcars, and reported an abnormal rattle noise emitting from the left interior dashboard area. To address Plaintiff's concern, Defendant's authorized technician removed and replaced the left cover on the dashboard, along with the side air vent on the Driver's side. Plaintiff additionally reported that the right front door exterior handle was not flush with the door, in comparison with the other doors. Defendant's technician proceeded to remove and reinstall the door module, the bearing bracket, and the outside door handle. After the alleged repairs, Defendant's technician claimed that the Subject Vehicle was now operating to warranty; however, Plaintiff's concerns have continued to plague them for the remainder of their ownership. The inspections were performed under the warranty issued by MERCEDES-BENZ USA, LLC.

18. None of the aforementioned repair attempts successfully repaired the Subject Vehicle, including the ongoing suspension, electrical, structural, transmission, engine, and steering system defects.

19. Thereafter, Plaintiff continued to experience symptoms of the various defects despite Defendant's representation that the Subject Vehicle was repaired.

20. Prior to filing this lawsuit, Plaintiff contacted Defendant seeking relief pursuant to the Song-Beverly Consumer Warranty Act, after Defendant failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts. Defendant failed to repurchase the Subject Vehicle, forcing Plaintiff to file the instant lawsuit.

## JURISDICTION AND VENUE

21. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because the amount of recovery sought by Plaintiff exceeds the jurisdictional amount of $75,000.00, and there is complete diversity among the parties.

22. The Subject Vehicle, as reflected in the Sales contract, has an approximate value of $141,347.52. Pursuant to the Song-Beverly Act, Plaintiff is

seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiff seeks in the approximate amount of $424,042.56. Plaintiff is also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiff's claims meet the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

23. Complete diversity exists as Plaintiff, DAVID BARTOS, is a citizen of the state of California.

24. With respect to Defendant, MERCEDES-BENZ USA, LLC, the citizenship of a limited liability company for diversity jurisdiction purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 et seq.

25. Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected in Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed therein are citizens of the state of California. Rather, the Statement of Information expressly indicates a Georgia address for each listed member. Accordingly, the members of MERECEDES-BENZ USA, LLC are citizens of the state of Georgia and not California, as reflected in Section D of the Statement of Information, filed by Defendant on April 19, 2022. A true and correct copy of Defendant, Mercedes-Benz USA, LLC's Statement of Information is attached herewith as **Exhibit A**.

26. As such, none of Defendant's members, as a Limited Liability Company, are citizens of the state of California. Accordingly, there is complete

diversity among the parties under 28 U.S.C. § 1332 (a)(1), as Plaintiff has alleged sufficient facts to establish subject matter jurisdiction.[1]

27. Venue is proper in, and Defendants are subject to, the personal jurisdiction of this Court because the Subject Vehicle was purchased at MERCEDES-BENZ OF LAGUNA NIGUEL, a MERCEDES-BENZ USA, LLC authorized dealership and repair facility, located at 1 Star Drive, Laguna Niguel, CA 92677.

28. Venue is also proper, as Plaintiff, DAVID BARTOS, is an individual residing in the city of Irvine, State of California.

29. Venue is also proper, as Defendant, MERCEDES-BENZ USA, LLC, is and was a Delaware Limited Liability Company operating and doing business in the State of California.

30. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

31. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

## DEMAND FOR JURY TRIAL

32. Plaintiff, DAVID BARTOS, hereby demands a trial by jury in this action.

///

///

---

[1] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca,* 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008*); accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

# FIRST CAUSE OF ACTION

## Violation of the Song-Beverly Act – Breach of Express Warranty

33. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

34. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiff purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

35. The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, suspension, electrical, structural, transmission, engine, and steering system defects.

36. Pursuant to the Act, Civil Code sections 1790 *et seq.*, the vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

37. Plaintiff is a "buyer" of consumer goods under the Act.

38. Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

39. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

40. Plaintiff delivered the Subject Vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities.

41. Defendant was unable to conform the Subject Vehicle to the applicable express warranty after a reasonable number of repair attempts.

42. Notwithstanding Plaintiff's entitlement, Defendant MERCEDES-BENZ USA, LLC has failed to either promptly replace the new motor vehicle or to

promptly make restitution in accordance with the Song-Beverly Act.

43. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

44. Under the Act, Plaintiff is entitled to reimbursement of the price paid for the Subject Vehicle, less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

45. Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

46. Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

47. Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to comply with its responsibilities under the Act.

### SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Implied Warranty**

48. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

49. MERCEDES-BENZ USA, LLC and its authorized dealership at which Plaintiff purchased the Subject Vehicle, had reason to know the purpose of the Subject Vehicle at the time of sale of the vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

50. Among other warranties, the sale of the Subject Vehicle was

accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

51. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

52. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

53. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

54. The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was purchased with one or more defective vehicle systems/components which manifested as suspension, electrical, structural, transmission, engine, and steering system defects.

55. Upon information and belief, the defective vehicle systems and components were present at the time of the sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

56. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

57. Plaintiff hereby revokes acceptance of the Subject Vehicle.

58. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

59. Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

60. Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

### THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

61. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

62. Pursuant to Civil Code section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

63. Pursuant to Civil Code section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

64. Civil Code section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

65. The lease of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective parts, including suspension, electrical, structural, transmission, engine, and steering system defects.

66. Plaintiff delivered the Subject Vehicle to MERCEDES-BENZ USA, LLC's authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to nonconformities to the express

warranties that accompanied the sale of the Subject Vehicle.

67. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30 days and/or commence repairs within a reasonable time and MERCEDES-BENZ USA, LLC has failed to tender the Subject Vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

68. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

69. Plaintiff hereby revokes acceptance of the Subject Vehicle.

70. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

71. Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

72. Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

73. Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq.* and Commercial Code sections 2711, 2712, and 2713 *et seq.*

74. Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that MERCEDES-BENZ USA, LLC has willfully failed to comply with its responsibilities under the Act.

///
///
///
///
///
///
///
///

## PRAYER FOR RELIEF

1. For general, special, and actual damages according to proof at trial;
2. For recission of the Sale Contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiff's actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorneys' fees and costs of suit; and
8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated:   January 16, 2023

                **QUILL & ARROW, LLP**

*/s/ Kevin Y. Jacobson*

Kevin Y. Jacobson, Esq.
Gregory Sogoyan, Esq.
Attorneys for Plaintiff,
**DAVID BARTOS**